J. Alexander Lawrence
MORRISON & FOERSTER LLP
250 W. 55th Street
New York, New York 10019
Telephone: (212) 468-8000

*Attorneys for Plaintiff*
*Phoenix Inter Co. Ltd.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHOENIX INTER CO. LTD.<br><br>                        Plaintiff,<br><br>    -against-<br><br>JUST GOODS INC.<br><br>                        Defendant. | Civil Action No. 21cv10761<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Phoenix Inter Co. Ltd. ("Phoenix Inter"), by its undersigned attorneys Morrison & Foerster, LLP, alleges as follows:

## INTRODUCTION

1. This is an action against JUST Goods Inc. ("JUST Goods") arising out of its failure to honor the contractual commitments to Phoenix Inter set forth in the Distributor Appointment Agreement (the "Agreement"). Under the Agreement, Phoenix Inter was designated as the exclusive distributor in Japan of JUST Goods' signature product "JUST Water."

2. JUST Goods was founded in 2015, by the young Jaden Smith, the son of Will Smith and Jada Pinkett Smith, with the novel idea of marketing pure drinking water in packaging

made of renewable materials to avoid the waste involved in packaging water in plastic bottles.[1] The JUST Water brand was built on the Jaden Smith origin story,[2] and the promise of offering ecologically sustainable, pure and wholesome products.  And in the Agreement, JUST Goods promised that the products would be "pure and wholesome."  Regrettably, the products sold to Phoenix Inter for distribution in Japan were anything but pure and wholesome.  The JUST Water products contained a chemical compound, 1,2-dimethoxy-3,6-dichlorobenzene and a substance named "geosmin" that is known to cause water to have a musty smell and unusual or bad taste.

3. Phoenix Inter brings claims against JUST Goods for its breach of contract in providing defective JUST Water products to Phoenix Inter for distribution in Japan in violation of its representation and warranties of quality and merchantability under the Agreement, and for declining to indemnify Phoenix Inter for substantial costs that have or will be incurred in connection with the purchase and storage of the defective JUST Water products.   Phoenix Inter further seeks damages for lost profits and the harm that JUST Goods has caused to Phoenix Inter's valuable customer relationships.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.  Complete diversity exists between Phoenix Inter, a Japanese corporation, and JUST Goods, a Delaware corporation with its principal place of business in New York.  The amount in controversy exceeds Seventy Five Thousand Dollars ($75,000), exclusive of interest and costs.

---

[1] *See* Melissa Locker, *Jaden Smith's Just Water Just Hit $100 Million Valuation*, FAST COMPANY (Sept. 4, 2019), https://www.fastcompany.com/90398045/jaden-smiths-just-water-just-hit-100-million-valuation).

[2] *See Founder's Story*, JUST WATER, https://justwater.com/pages/about ("JUST was inspired by a young man's quest to do better. While learning to surf, a ten-year-old Jaden Smith saw a plastic bottle floating next to him in the water. Unable to shake the image of plastic polluting the Pacific, he decided to do something. What began as an introduction to the impact humans have on the environment became a Smith family obsession to do good.").

5. This Court has personal jurisdiction over JUST Goods because JUST Goods submitted to the personal jurisdiction of this Court pursuant to a New York governing law provision in the Agreement.

6. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Phoenix Inter's claims occurred in this district and the Agreement between the parties fixes any court situated in New York, New York as the place for trial.

## PARTIES

7. Phoenix Inter Co. Ltd. is a limited company organized under the laws of Japan, with its principal place of business at 5-3-15 Toranomon, Minato-ku, Tokyo 105-0001 JAPAN.

8. JUST Goods Inc. is a Delaware corporation with its principal place of business at 311 West 43rd Street, New York, NY 10036.

## GENERAL ALLEGATIONS

I. **PHOENIX INTER'S AGREEMENT WITH JUST GOODS**

9. JUST Goods was founded in 2015 and produces and markets JUST products. JUST Goods claims to market its products as responsibly sourced, produced and packaged for improved environmental and community impact. JUST Goods' signature product is JUST Water, a natural spring water packaged in a paper-based bottle.

10. Phoenix Inter is a Japanese distributor with a distribution network of retail and wholesale outlets in Japan.

11. The President and CEO of Phonix Inter was introduced to then Chief Executive Officer (CEO) of JUST Goods through a mutual acquaintance.

12. In or around January 2019, JUST Goods entered into discussions with Phoenix Inter regarding an agreement for Phoenix Inter to market and sell JUST Water products through

3

its extensive distribution network in Japan. JUST Goods informed Phoenix Inter about the purity and wholesomeness of the JUST Water products.

13. On February 15, 2019, Phoenix Inter and JUST Goods executed the Agreement. The Agreement provided that Phoenix Inter would be the exclusive distributor of the JUST Water products in Japan.

14. JUST Goods represented and warranted that the JUST Water products would be merchantable and free from all defects under Section 8.1 of the Agreement. JUST Goods specifically represented that the products would be "pure and wholesome."

15. JUST Goods also agreed to indemnify and hold harmless Phoenix Inter for any liabilities, losses, and expenses arising out of, resulting from or otherwise connected with the defective manufacture, bottling or packing of the JUST Water products, and any breach by JUST Goods of the representations and warranties contained in the Agreement.

16. On September 3, 2019, Mr. Ira Laufer, then CEO of JUST Goods, offered a contract price for the JUST Water products of Four Dollars ($4.00) per case in response to concerns from Phoenix Inter that the price for the products was too high.

17. Phoenix Inter agreed to the price of Four Dollars ($4.00) per case (the "Contract Price"), and JUST Water confirmed the parties' agreement to the Contract Price on or around October 16, 2019.

II. **JUST GOODS PROVIDED DEFECTIVE JUST WATER PRODUCTS TO PHOENIX INTER.**

18. On February 5, 2020, Phoenix Inter issued a purchase order (PO) for ten (10) shipping containers of JUST Water (the "Subject Products"). Each container consisted of 3,360 cases of JUST Water.

19. Phoenix Inter tendered payment to JUST Goods for the Subject Products on March 28, 2020, and received the Subject Products in or around May 2020.

20. In or around September 2020, Phoenix Inter delivered some of the Subject Products to Phoenix Inter's large, key customers in its distribution network, including Rakuten and Ace Hotel. Phoenix Inter was able to sell the product, which was unknown in Japan at the time, to these major companies because of the business relationships that the CEO of Phoenix Inter had fostered over the years. Shortly thereafter, Phoenix Inter began to receive numerous customer complaints regarding the quality of the Subject Products.

21. Customers complained that the Subject Products had a "strange" odor and had caused stomach aches. Phoenix Inter's customers requested the return and/or replacement of the Subject Products due to these quality concerns.

22. In or around November 2020, Phoenix Inter asked the Japan Food Research Laboratories (JFRL) to assist with investigating the quality of the Subject Products in response to these complaints.

23. JFRL is an accredited testing laboratory that provides quantitative and qualitative testing of sample products for chemicals harmful to human health. JFRL tested samples from the Subject Products on behalf of Phoenix Inter and produced a report on the results of its testing.

24. JFRL's report on the test results for the sample Subject Products confirmed that the Subject Products had an unusual odor and that this odor was likely due to a chemical compound, 1,2-dimethoxy-3,6-dichlorobenzene.

25. Phoenix Inter had 25,641 remaining cases of the Subject Products, but the presence of the chemical compound made the Subject Products defective and unfit for sale to Phoenix Inter's customers.

26. Pheonix Inter faced substantial costs in storing or disposing of the remaining defective Subject Products.

27. Phoenix Inter provided the results of JFRL's testing and these concerns to JUST Goods in or around December 2020. JUST Goods denied that there were quality issues with other JUST Water products processed through the same distribution center used for the Subject Products, and stated that it was "in the investigative process" in response to Phoenix Inter's expressed concerns.

### III. JUST GOODS HAS FAILED TO INDEMNIFY PHOENIX INTER FOR LOSSES RESULTING FROM THE DEFECTIVE JUST WATER PRODUCTS.

28. On February 15, 2021, Phoenix Inter sent a letter to JUST Goods that described the customer complaints and JFRL testing results, and informed JUST Goods that it was in breach of its representations and warranties under Section 8.1 of the Agreement that the Subject Products would be merchantable and free from defects (the "Demand Letter").

29. The Demand Letter requested that JUST Goods indemnify Phoenix Inter for the costs associated with the purchase, investigation, storage, and anticipated disposal of the remaining Subject Products pursuant to its obligations under Sections 8.1 and 9.1 of the Agreement.

30. JUST Goods responded to the Demand Letter on March 6, 2021, and denied that there were quality issues with the Subject Products based on its own testing of "retention samples" of JUST Water that JUST Goods claimed were similar to the Subject Products (the "Demand Response Letter").

31. In the Demand Response Letter, JUST Goods denied that it had any obligation to indemnify Phoenix Inter for the costs associated with the Subject Products pursuant to the Agreement despite the numerous customer complaints received by Phoenix Inter, the costs

incurred by Phoenix Inter to investigate these complaints and store the remaining Subject Products, and other harm to Phoenix Inter's financial and business interests that resulted from Phoenix Inter's distribution of the defective Subject Products.

32. On March 15, 2021, Phoenix Inter sent a second letter (the "Second Demand Letter") in response. Phoenix Inter noted that JUST Goods' testing of samples did not resolve the dispute because JUST Goods did not test any of the remaining Subject Products stored in Japan by Phoenix Inter, as confirmed by the logistics company storing the Subject Products. In the Second Demand Letter, Phoenix Inter reiterated that it would continue to incur substantial costs associated with storing the remaining Subject Products, and made a final request for indemnification.

33. On March 16, 2021, JUST Goods offered less than Ten Thousand Dollars ($10,000) as settlement of their disputes, a small fraction of the damages incurred by Phoenix Inter as a result of JUST Goods' breach of the Agreement.

34. Thereafter, Phoenix Inter continued to try to resolve this matter short of litigation without success. In support of that effort, Phoenix Inter obtained a letter from the shipping company Nippon Express Co., Ltd. The letter provides proof that the contamination of the product did not occur in its shipment from Australia or in its storage in Japan.

**IV.  JUST GOODS' BREACH OF THE AGREEMENT HAS CAUSED PHOENIX INTER SUBSTANTIAL DAMAGES.**

35. In May 2021, Phoenix Inter performed additional testing on the remaining Subject Products with the assistance of another accredited Japanese testing company, Kurita Analysis Service Co., Ltd. ("Kurita Analysis").

36. The testing report produced by Kurita Analysis found that samples of the remaining Subject Products also contained a substance named "geosmin" that is known to cause water to have a musty smell and unusual or bad taste.

37. The recent testing report from Kurita Analysis confirms that any remaining Subject Products are defective and unfit for sale to Phoenix Inter's customers.

38. In addition to the substantial cost that Phoenix Inter paid for the Subject Products, Phoenix Inter has incurred investigation and testing costs and storage fees. Unless paid for by JUST Goods, Phoenix Inter will also incur the cost of disposing of the remaining Subject Products that are currently in storage. Phoenix Inter has also been deprived of the lost profits that it would have realized from the sale of the Subject Products had they not been defective and unsalable.

39. Furthermore, being associated with the sale of contaminated products has seriously damaged Phoenix Inter's reputation and credibility with key customers of Phoenix Inter. And the fact that JUST Goods never attempted to explain the cause of the contamination or its proposed solution to these companies further exacerbated the problem. On more than one occasion, Phoenix Inter's CEO travelled from her residence in the United Arab Emirates to Japan to meet with these business partners and show Phoenix Inter's commitment to address the problem. But this incident will have a long-lasting impact on Phoenix Inter's business relationships with these companies.

## COUNT I
### (BREACH OF CONTRACT)

40. Phoenix Inter incorporates by reference as though fully set forth herein the contents of paragraphs 1 to 39, inclusive.

41. Phoenix Inter fully performed and complied with all obligations under the Agreement at all times.

42. JUST Goods represented and warranted that it would provide JUST Water products that were merchantable and free from all defects.

43. JUST Goods also agreed to indemnify and hold harmless Phoenix Inter for any liabilities, losses, and expenses arising out of, resulting from or otherwise connected with the defective manufacture, bottling or packing of the JUST Water products, and any breach by JUST Goods of the representations and warranties contained in the Agreement.

44. JUST Goods breached their Agreement with Phoenix Inter by providing JUST Water products that were defective and not fit for sale to customers, and failing to indemnify Phoenix Inter for losses resulting from or otherwise connected to this breach.

45. As a direct and proximate result of JUST Goods' breaches of the Agreement, Phoenix Inter incurred substantial costs and damages in an amount subject to proof at trial.

## COUNT II
### (BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)

46. Phoenix Inter incorporates by reference as though fully set forth herein the contents of paragraphs 1 to 45, inclusive.

47. The Agreement contains an implied covenant of good faith and fair dealing that JUST Goods would provide Phoenix Inter with merchantable JUST Water products, work in partnership with Phoenix Inter to grow JUST Goods business in Japan through Phoenix Inter's distribution network, and not seek to deprive Phoenix Inter of the benefits of the Agreement.

48. JUST Goods, by its actions and inactions described herein, breached the implied covenant of good faith and fair dealing owed to Phoenix Inter.

49. As a result of these breaches of the covenant of good faith and fair dealing, JUST Goods has been damages in an amount subject to proof at trial.

WHEREFORE Plaintiff Phoenix Inter prays for relief as follows:

A. Declare that Phoenix Inter has performed its obligations under the Agreement;

B. Declare that JUST Goods has breached its representations and warranties and its obligations to indemnify Phoenix Inter under the Agreement;

C. Award monetary damages to Phoenix Inter in an amount to be determined at trial;

D. Award Phoenix Inter its reasonable attorneys' fees, costs, and expenses in this matter;

E. Award pre-judgment and post-judgment interest on the amount awarded to Phoenix Inter, and;

F. Order such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Phoenix Inter Co., Ltd. hereby demands a trial by jury of all issues triable in this action.

Dated: New York, New York
December 16, 2021

MORRISON & FOERSTER LLP

By: *J. Alexander Lawrence*
J. Alexander Lawrence
MORRISON & FOERSTER LLP
250 W. 55th Street
New York, New York 10019
Telephone: (212) 468-8000

*Attorney for Phoenix Inter Co., Ltd.*